UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LaRon Young,   Civ. No. 20-1486 (PAM/KMM)

    Plaintiff,

v.   **MEMORANDUM AND ORDER**

PepsiCo, Inc.,

    Defendant.

This matter is before the Court on Defendant's Motion to Dismiss. For the following reasons, the Motion to Dismiss is granted and the hearing on the Motion is cancelled.

**BACKGROUND**

Plaintiff LaRon Young brought this lawsuit pro se in Minnesota state court. His Complaint alleges that the label of Mountain Dew Voltage states that it is "charged with raspberry citrus flavor" and as a result, he believed that the product contained natural raspberry and raspberry juice. (Compl. (Docket No. 1-1) ¶¶ 3-4.) Raspberry, however, is not included in the list of the product's ingredients. He claims that this alleged "mislabeling" violated the Food, Drug & Cosmetic Act, 21 U.S.C. § 343, and six of its regulations. He seeks an injunction requiring Defendant PepsiCo, Inc., to "follow and abide by all FDA Rules and regulations" as well as $5,000,000 in compensatory relief. (Id. p. 2.)

**DISCUSSION**

**A.  Service of Process**

PepsiCo argues that Plaintiff did not properly effect service of process. Because Plaintiff filed his lawsuit in state court, Minnesota service rules apply. Winkels v. George A. Hormel & Co., 874 F.2d 567, 568 (8th Cir. 1989). Minnesota requires service of a summons and complaint on an officer or managing agent of the corporation, or any agent of the corporation authorized by statute to accept such service. Minn. R. Civ. P. 4.03(c). A person authorized to receive service for a corporation is someone who has "the power to exercise independent judgment and discretion to promote the business of the corporation" or is "of sufficient rank or character to make it reasonably certain the corporation would be apprised of the service." Tullis v. Federated Mut. Ins. Co., 570 N.W.2d 309, 311 (Minn. 1997).

The Affidavit of Service shows that a process server left the Summons and Complaint with someone named Michael "at the security gate" of PepsiCo's headquarters in Purchase, New York. (Docket No. 1-2.) A security guard at a corporation's gate cannot be mistaken for someone who fits either of the Tullis categories. Plaintiff failed to effect service on PepsiCo and the lawsuit may be dismissed on this basis.

**B.  FDCA**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial

plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

Dismissal with prejudice is appropriate here, because there is no private right of action for a violation of the FDCA. Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 349 n.4 (2001); see also Riley v. Cordis Corp., 625 F. Supp. 2d 769, 776-77 (D. Minn. 2009) (Schiltz, J.) ("[A] private litigant cannot sue a defendant for violating the FDCA."). No relief can be granted on Plaintiff's FDCA claims and they will be dismissed. The hearing on this matter set for August 18, 2020, is cancelled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Dismiss (Docket No. 5) is **GRANTED**; and
2. The Complaint (Docket No. 1-1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 8, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge